## TRUESDELL v. ERIE R. CO.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

CARRIERS—INJURY TO PASSENGER IN ALIGHTING—NEGLIGENCE—QUESTION FOR JURY.

The question of negligence, as well as contributory negligence, is for the jury, where the carrier furnishes no place for alighting at a station, except on the filling between the tracks, which is at about the same height as the top of the ties, and the passenger jumps down when it is dusk, and alights with one foot in a hole.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1153, 1402.]

Appeal from Trial Term, New York County.

Action by Clara I. Truesdell against the Erie Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

See 99 N. Y. Supp. 695, 114 App. Div. 34.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

L. E. Warren, for appellant.

William C. Cannon, for respondent.

SCOTT, J. The plaintiff, a young woman, was a passenger upon one of defendant's trains. She arrived at her destination at Forest Hill, N. J., at about half past 7 o'clock in the evening of September 5, 1902. It was then about dusk. At Forest Hill the station stood on the south side of the railway, and there was a platform extending along the southerly side of the east-bound track. There was no platform on either side of the west-bound track, so that passengers arriving on a train upon that track, as did the plaintiff, were obliged to alight upon the broken stone or gravel constituting the filling of the roadbed between the tracks, and which was about at the same level as the top of the ties, and having a number of holes, depressions, or irregularities in it. This arrangement had been in use for a considerable time, and it did not appear that any accident had ever occurred at this point before. After the train came to a standstill several passengers safely alighted before plaintiff did. When she came to alight, she judged that the lower step of the car was too high from the ground to permit her to step off in the usual way, and she thereupon jumped from the step to the ground. She fell in a heap, and found that one of her feet had landed in a hole or depression, and her leg had been broken. The case came before the court on appeal from a judgment in plaintiff's favor. 114 App. Div. 34, 99 N. Y. Supp. 694. The court then recognized the rule that the stopping of the train under the circumstances indicated by the evidence amounted to an invitation to plaintiff to alight, and that it was defendant's duty to provide for her safety in so alighting either by providing a reasonably safe place and facilities, or by warning and assisting her. It was, however, considered that the evidence, as it then stood, failed to show that plaintiff's injury was traceable to any hole or depression there may have been in the roadbed, and, further, that the preponderance of the evi-

dence as to the height of the car step above the ground was against plaintiff's contention that it was unusually high. The plaintiff was therefore deemed not to have sustained the burden of showing her own freedom from contributory negligence. Upon the present trial the plaintiff's evidence was to the effect that her injury resulted from the fact that she landed with one foot in a hole, and, since the defendant offered no evidence, her testimony as to the height of the car step was uncontradicted.

In the course of its opinion upon the former appeal, this court said:

"If the railroad company furnished a car with a step so high that a passenger could not conveniently alight by stepping down, the jury would have been warranted in finding that it was guilty of negligence in not furnishing a platform or stepping box, or assisting passengers in alighting, or warning them of the danger, and assuring them that they would be afforded ample time to alight. Negligence could not be imputed as a matter of law to the passenger, who had a right to alight, and who determined that she could alight with greater safety by jumping than by attempting to step or let her weight down, steadying herself by taking hold of the rail with one hand."

There was nothing in this opinion which justified the trial court, upon the second trial, in taking away from the jury the question of fact as to the defendant's negligence or as to the plaintiff's contributory negligence. The facts as now presented are very similar to, if not practically identical with, those of Gannett v. Schenectady Ry. Co., 184 N. Y. 598, 77 N. E. 1187, as appears from an examination of the printed case on appeal in the library of the New York City Bar Association (volume 39 of 1906; No. 173). In that case the trial court dismissed the complaint, and the Appellate Division affirmed the judgment without opinion. The Court of Appeals, however, reversed the judgment and ordered a new trial, merely saying that "the question of plaintiff's contributory negligence was one of fact for the jury."

The judgment must be reversed and a new trial granted, with costs to appellant to abide the event. All concur.